UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KENNETH D. BELL IN HIS CAPACITY
AS COURT APPOINTED RECEIVER
FOR REX VENTURE GROUP, LLC,
INC.,

    Plaintiff,

v.                                         Case No: 6:21-mc-50-Orl-CEM-GJK

CHAD WICKLINE,

    Defendant.

## ORDER

This case comes on for consideration of Plaintiff, Kenneth D. Bell in his Capacity as Court Appointed Receiver for Rex Venture Group, LLC's motions for writs of garnishment against would-be garnishee, T D Bank, N.A. (Doc. 2), and would-be garnishee SunTrust Banks, Inc., (Doc. 3). Plaintiff has registered in this Court a judgment entered against Defendant, Chad Wickline on August 14, 2017 by the United States District Court for the Western District of North Carolina, Charlotte Division in the amount of $19,681.54 plus post-judgment interest (Docs. 1, 1-1). Plaintiff claims that the judgment has not been satisfied and asks this Court to issue writs of garnishment against any accounts Defendant holds in T D Bank, N.A., and SunTrust Banks, Inc. (Docs. 2-3).

"The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located[.]" FED. R. CIV. P. 69(a)(1). Florida law provides that "[e]very person or entity who ... has recovered judgment in any court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by

a third person ... and any tangible or intangible personal property of defendant in the possession or control of a third person." FLA. STAT. § 77.01. To obtain a writ of garnishment, the judgment creditor must file a motion stating the amount of the judgment. FLA. STAT. § 77.03. The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. FLA. STAT. § 77.04.

The proposed writs of garnishment provide that they "shall continue until the Plaintiff's Final Judgment is paid in full or until otherwise provide by Court ORDER" (Doc. 2-1 at 1; Doc. 3-1 at 1). If salary or wages are to be garnished to satisfy a judgment, "the court shall issue a continuing writ of garnishment **to the judgment debtor's employer** which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order." FLA. STAT. § 77.0305 (emphasis supplied). It does not appear that T D Bank, N.A., or SunTrust Banks, Inc., is Defendant's employer. Therefore, this language does not belong in the proposed writs.

Now, the motions are both **GRANTED in part**. The Clerk shall **ISSUE** the proposed writs of garnishment (Docs. 2-1 and 3-1) **AFTER STRIKING** the language "This Writ shall

continue until the Plaintiff's Final Judgment is paid in full or until otherwise provide by Court ORDER" from the writs.

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2021.

THOMAS B. SMITH
United States Magistrate Judge

Copy furnished to Counsel for Plaintiff